UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 07 OCT 29 AM 9:07  MJ 2517 |
| Plaintiff, ) | Magistrate Case No. |
| v. ) | COMPLAINT FOR VIOLATION OF |
| **Rogelio CRUZ** ) | Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about **October 28, 2007**, within the Southern District of California, defendant **Rogelio CRUZ**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Signature of Complainant
Mario Avila, U.S. Customs and Border
Protection Enforcement Officer

Sworn to before me and subscribed in my presence this 29th day of October 2007.

United States Magistrate Judge

**PROBABLE CAUSE STATEMENT**

On October 28, 2007 at approximately 0506 hours, **Rogelio CRUZ (Defendant)** applied for admission into the United States from Mexico at the San Ysidro, California Port of Entry pedestrian primary and presented himself to Customs and Border Protection (CBP) Primary Officer. Defendant declared himself a United States citizen by birth in Palmdale, California and presented a California ID number A7523366 bearing the name Jaime Cruz as proof of his identity. Defendant stated he was traveling back home to Palmdale, California. Primary Officer noticed that the Defendant was looking all around and would not make eye contact. Primary Officer suspected that the Defendant was not a United States citizen and escorted the Defendant to secondary for further investigation.

In secondary once again Defendant stated he was born in Palmdale, California and that he had attended Palmdale High School. Defendant was searched through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS), which identified him as **Rogelio CRUZ**. Further queries in the Immigration Central Index System and the Deportable Alien Control System confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. These queries further revealed Defendant was ordered deported from the United States to Mexico by an Immigration Judge on or about October 22, 2007 and physically removed to Mexico on or about 10/24/2007. Immigration service records indicate that Defendant has not applied for, nor received permission to legally re-enter the United States by the Attorney General or the Secretary of Homeland Security.

Defendant was placed under arrest and advised of his Miranda rights during a videotaped recorded interview. Defendant acknowledged and stated he understood his rights and agreed to answer questions without a lawyer present. Defendant made the following statements:

Defendant admitted he was a Mexican citizen by birth in Mexico City, DF, Mexico. Defendant admitted not possessing any legal documents to enter the United States. Defendant admitted he was deported from the United States to Mexico by an Immigration Judge on or about 10/22/2007. Defendant admitted knowing it was against the law to attempt to enter the United States after deportation. Defendant admitted he has not applied nor received permission to enter the United States from the Attorney General or the Secretary of Homeland Security.

Defendant admitted he presented his brother's California ID to the Primary Officer as his own. Defendant admitted telling the Primary Officer he was a United States citizen and that he was born in Palmdale, California. Defendant admitted he was traveling to Palmdale, California to reside with his family.